*e-filed 8/6/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL A. REDD, JR., | No. C98-20429 JF (HRL) |
| Plaintiff, | **ORDER (1) DENYING JUDICIAL NOTICE; (2) GRANTING IN PART PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY; (3) DENYING PLAINTIFF'S REQUEST FOR COURT ORDER; AND (4) DENYING PLAINTIFF'S MOTION TO COMPEL RECORDING OR PHOTOGRAPH** |
| v. | |
| STEVEN CAMBRA, JR., et al., | |
| Defendants. | |
| | **[Re: Docket Nos. 137, 138, 140, 141]** |

*Pro se* plaintiff Paul A. Redd has filed several motions with the court: (1) Motion to take Judicial Notice; (2) a renewed Motion to Compel Discovery; (3) Motion for Court Order; and (4) Motion for Court Order under Fed. R. Civ. P. 26(b)(3) and 34(a). Defendant has not filed opposition to any of these motions, although plaintiff indicates he served every motion except his motion for judicial notice on the defendant by U.S. mail.[1] Having read and considered the papers filed, for the reasons discussed below the court GRANTS the motion to compel discovery in part, and DENIES plaintiff's remaining motions.

---

[1] *See* plaintiff's Proof of Service via U.S. Mail dated April 11, 2008 (included in Docket No. 137); plaintiff's Proof of Service via U.S. Mail dated June 10, 2008 (included in Docket No. 140); plaintiff's Proof of Service via U.S. Mail dated June 10, 2008 (included in Docket No. 141).

**I. BACKGROUND**

Redd is currently incarcerated at Pelican Bay State Prison in Crescent City, California. He claims that defendant Michael Daley, a prison officer, used excessive force and violated plaintiff's Eighth Amendment rights. On July 24, 1995, Daley was escorting six prisoners, including plaintiff, to the prison law library. The prisoners were handcuffed and chained together. Plaintiff alleges that the defendant kicked the prisoners' lead chain into his path. Plaintiff stumbled and fell over the chain, sustaining injuries. Defendant argues that plaintiff intentionally stumbled. Both plaintiff and defendant have eyewitnesses to attest to their version of the incident.

Plaintiff filed administrative appeals to address the circumstances of his fall, pursued his appeal through the prison's administrative process, and ultimately filed this claim. In 2005, plaintiff filed a motion requesting that this court compel discovery of the names of potential witnesses and documents, the same information sought in the current motion to compel (Docket No. 137). At that time, defendant's motion for summary judgment was pending before the district judge. This court denied the motions without prejudice in light of the pending ruling. Later, the district court denied defendant's motion for summary judgment. Plaintiff moves to compel discovery of witnesses' names again pursuant to Fed. R. Civ. P. 37(a)(1).[2]

Plaintiff also requests that the court take judicial notice of defendants' responses to his document requests and interrogatories (Docket No. 138)[3]. In a separate motion, plaintiff asks the court to assign a certified stenographer to record and transcribe the depositions of twenty-one proposed witnesses (Docket No. 140). Finally, plaintiff requests a court order to compel a non-party to record or photograph the site of his fall (Docket No. 141).

---

[2] Plaintiff filed his motion under Fed. R. Civ. P. 37(a)(2)(A) (renumbered as FED. R. CIV. P. 37 (a)(3)(A)). That rule is inapplicable to the information that he seeks, as it governs the disclosures required under Fed. R. Civ. P. 26(a). Plaintiff seeks responses to information that he requested in interrogatories, which is governed by the general rule of Fed. R. Civ. P. 37(a)(1). The court deems this a motion to compel discovery pursuant to Fed. R. Civ. P. 37(a)(1).

[3] There were originally seven named defendant and plaintiff refers to some of their discovery responses in his current motions. The only remaining defendant is Correctional Officer Daley.

2

## II. LEGAL STANDARD

Fed. R. Civ. P. 37(a)(3)(A) says "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Fed. R. Evid. 201 allows the court to take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The court may take judicial notice at any time but must take judicial notice "if requested by a party and supplied with the necessary information." FED. R. EVID. 201(d).

## III. DISCUSSION

### A. "Motion" to Take Judicial Notice

Plaintiff asks the court to take judicial notice of various responses to his interrogatories and document requests: (1) Defendant's responses to plaintiff's First Request for Production of Documents; (2) Defendant's responses to plaintiff's Second Request for Production of Documents; and (3) Interrogatory Responses and Admissions of defendants Daley, Briddle, R. Lucas, and McLaughlin. The court cannot consider plaintiff's request without seeing the documents. Although plaintiff's filing indicates these documents were attached as exhibits, the court has no record of any exhibits to Docket No. 138. As a result, plaintiff's request for judicial notice is DENIED without prejudice.

The court notes that these discovery requests and responses are thus not available for it to consider with respect to plaintiff's motion to compel, which refers to them. The court has no reason to believe that plaintiff's report of his requests and defendant's responses is inaccurate, particularly in light of the fact that his present motions are all unopposed.

### B. Plaintiff's Motion to Compel Discovery

Plaintiff requested the information discussed below through document requests and interrogatories. Defendants refused to provide the information. In light of plaintiff's restricted ability to communicate from prison, the court views these past requests as an adequate showing

3

of plaintiff's good faith effort to meet and confer with defendant. As explained below, the court GRANTS plaintiff's motion to compel discovery in part.

### 1. Dental Log Book Pages

Plaintiff's "First Request For Production of Documents (Request Number 9)" asked for a copy of the July 24, 1995 "C" Facility Dental Log Book. Pl.'s Mot. to Compel Disc., at 2. Plaintiff states that defendant declined to provide the pages from the date of his fall on the grounds that (1) the Log Book was irrelevant and (2) no such records exist. The court notes that Daley does not seem to have raised any objections that he did not have possession, custody, or control of said log book.

The Dental Log Book pages that plaintiff requests are relevant. One of defendant's eyewitnesses, Deidre McLaughlin, is a dental assistant at the prison dental clinic. McLaughlin hand-wrote a statement shortly after the incident, describing her perspective of Redd's fall. Since surveillance tapes of the fall are unavailable, eyewitness testimony such as McLaughlin's is particularly important. *See* Pl.'s Mot. to Compel Disc., at 17-18. Plaintiff apparently plans to impeach McLaughlin's account with his own witnesses who will testify that they never saw her in the library during the incident. The Dental Log Book records the name, time, and date that each inmate enters and exits the Dental Clinic. Therefore, plaintiff believes that the log will identify those inmates who were in the Dental Clinic at the time of his fall. He anticipates that those inmates would testify that McLaughlin was at the clinic, not the law library, at the time of plaintiff's fall. Because the Dental Log Book pages for July 24, 1995 are relevant, they should be produced.

Although defendant has indicated that there is no Dental Log Book, plaintiff believes that it is in the SHU storage room. If an appropriate representative of the prison cannot locate the Dental Log Book or similar record listing those inmates who were treated in the Dental Clinic on July 24, 1995, a declaration shall be filed explaining why not. If such records did exist, the explanation shall include when and why they no longer do.

//

//

4

### 2. Name of Escorting Officer

Plaintiff's "Second Request for Production of Documents (#2)" asked Daley to produce the name of the officer who served as a co-escort to the law library on the day plaintiff fell. Pl.'s Mot. to Compel Disc., at 4. In response, defendant provided a list of officers assigned to work in the law library on July 24, 1995, the date of the incident. The list, however, did not name Officer Daley and presumably does not name Daley's co-escort. Daley's signed declaration states: "I and another officer were escorting inmate Paul Redd and other SHU inmates to the law library on a chain gang." Pl.'s Mot. to Compel Disc., at 5.

As described in defendant's responses, this unnamed officer was also an eyewitness to Daley's interaction with plaintiff and his subsequent fall. The circumstances of that fall are the key factual question for the trial. Defendant must respond to plaintiff's request with the name of the accompanying officer.

### 3. Name of Correctional Staff Member

Plaintiff's First Set of Interrogatories were addressed to McLaughlin, the dental clinic worker who reported witnessing plaintiff's fall. Question 24 asked "Did you discuss any details of the July 25, 1995 conversation you overheard between plaintiff Paul Redd and dentist E.J. Clark?" Pl.'s Mot. to Compel Disc., at 7. McLaughlin responded that she told Lieutenant Briddle about Redd's conversation. *Id.* Question 25 asked "If [the response to Question 24 was] yes, (a) identify the person(s) you discussed the contents of the July 25, 1995 conversation [sic]?" *Id.* at 8. McLaughlin referred to her answer to Question 24, which said that she had discussed the conversation with Lt. Briddle. *Id.*

McLaughlin also responded to "Interrogatory No. 18, line 26-27, page 6-7 " with the following: "After I heard you [plaintiff] say that I contacted correctional staff who directed me to speak with Lt. Briddle concerning what I seen. [sic]" *Id.* Although it is not entirely clear from McLaughlin's answer, her response appears to contradict her answer to Question 24, which indicated that she had only discussed plaintiff's conversation with Lt. Briddle.

However, since McLaughlin is no longer a party to this action, the court cannot simply order her to provide the information plaintiff seeks in this manner.

5

### 4. **Copy of Department Operation Manual**

Plaintiff's "Second Request for Production of Documents, Request No. 4" asked Daley for "A copy of the section in the Department Operation Manual (D.O.M.) on Appeal Procedures - Incident Report Procedures, including Accident Reporting, Restraint and Equipment and Policy Escorts." Pl.'s Mot. to Compel Disc., at 11. Plaintiff says that defendant objected on the grounds that the request was irrelevant and overly burdensome and directed the plaintiff to obtain a copy from the prison law library.

Plaintiff wants to demonstrate that the prescribed incident reporting procedures were not followed, thus creating an inference that defendant's witnesses are not credible. Without the relevant D.O.M. section, Plaintiff cannot demonstrate whether defendant's reporting complied with the required reporting procedure. Plaintiff provided the court with a copy of the prison's photocopying policy, which does not allow him to copy any part of the D.O.M. The court rejects defendant's argument that providing plaintiff with a copy of the requested section of the D.O.M. section is unduly burdensome. Defendant shall produce a copy.

### 5. **Copier Repairs Record**

Plaintiff's "Second Request For Production of Documents, Request No. 6" asked Daley for "[a] copy of records contained at Business Services Property Equipment (Plant Operations) copier repairs at PBSP for the date of July 24, 1995 that both copying machines in "C" Facility and "D" Facility were out of order on July 24, 1995 and was [sic] repaired by what vendor services on what date?" Pl.'s Mot. to Compel Disc., at 13. Defendant objected on relevance grounds. *Id.* at 14.

Plaintiff states that McLaughlin, defendant's eyewitness, explained her presence in the law library in an Interrogatory response. She said that she was there to use the library's copier because both of the copiers near the "C" Facility clinic were out of order. Since plaintiff's witnesses did not see McLaughlin in the law library during the incident, it follows that he expects that these records will show that the copiers were not broken. That information might be used to impeach eyewitness testimony, and is therefore relevant. The requested documentation shall be produced, if it can be located with reasonable effort.

### C. Motion for Court Order Assigning a Certified Stenographer

Plaintiff also filed a Motion For Court Order Assigning a Certified Stenographer Authorized to Administer Oaths to Take Depositions and Transcribe Pursuant to Fed. R. Civ. P. 27-32. Plaintiff explains that because he is proceeding *pro se* and would like to depose twenty-one individuals, the court should assign "a certified stenographer to transcribe" the questioning. Apparently, plaintiff plans to contact defendant's counsel regarding the depositions after he receives the requested court order.

Unfortunately, plaintiff's understanding of the deposition process is incorrect. Although Rule 30(a)(5)(A) requires that depositions be "conducted before an officer appointed or designated under Rule 28," this does not mean that plaintiff must seek the court's permission to obtain the services of such a person. The court believes that court reporters are available (at plaintiff's expense) to administer the required oaths. Plaintiff's motion does not indicate that he has tried and failed to identify a qualified person to serve in this capacity. As a result, the court DENIES plaintiff's motion for appointment of a certified stenographer.[4]

### D. Motion for Court Order Directing Warden R. Horel to Video Tape Record/Photographs the SHU Law Library or an Alternative Order

In plaintiff's final motion, he moves for a court order directing Warden R. Horel to videotape the SHU Law Library. The Federal Rules do not give the court authority to grant this request. Each party must bear the expense of its own discovery. If plaintiff does not have the funds to record the law library in the manner he desires, the court cannot require a third party to do so.

In the alternative, plaintiff asks for a court order authorizing an on-site jury inspection of the library. This request is more properly addressed in pre-trial motions, not during discovery. As a result, this court declines to address plaintiff's alternative request.

### IV. ORDER

For the foregoing reasons, IT IS ORDERED THAT:

---

[4] Also, discovery is closed and depositions (even at the plaintiff's expense) could not be taken at this time without leave of the court.

7

1. Plaintiff's request for judicial notice is DENIED without prejudice;

2. Plaintiff's Motion to Compel Discovery is GRANTED IN PART, and compliance shall occur by August 30, 2008;

3. Plaintiff's request for a court order assigning a certified stenographer is DENIED; and

4. Plaintiff's request for a court order compelling videotaping of the SHU Law Library is DENIED.

Dated: 8/6/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**Notice electronically mailed to:**

Trace O. Maiorino	trace.maiorino@doj.ca.gov

Emily L. Brinkman	Emily.Brinkman@doj.ca.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**Notice mailed to:**

Paul A. Redd., Jr. B-72683
P.O. Box 7500 D2-117
Crescent City, CA 95532

Dated: 8/6/08

mpk
_____
Chambers of Magistrate Judge Lloyd