```
 1
 2                                                           **E-filed 9/25/08**
 3
 4
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                        SAN JOSE DIVISION
11
```

PAUL A. REDD, JR.,

        Plaintiff,

    v.

MICHAEL D. DALEY,

        Defendant.

Case Number C 98-20429 JF (HRL)

ORDER[1] (1) GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION;
(2) VACATING TRIAL AND PRETRIAL DATES; AND
(3) DENYING WITHOUT PREJUDICE ALL OTHER PENDING MOTIONS

[re: docket nos. 148, 149, 152, 153, 154, 155, 162, 165, 168, 169, 171, 172]

All of the motions currently pending in this case are addressed as follows:

**I. DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION**

Plaintiff Paul A. Redd, Jr. ("Redd"), a state prisoner proceeding *pro se*, filed this action following an incident that occurred while he was being transported from the Security Housing Unit at Pelican Bay State Prison to the prison law library. Redd was one in a line of inmates

---

[1] This disposition is not designated for publication in the official reports.

whose hands were cuffed behind them and who were attached at intervals to a single escort chain. Redd alleges that Defendant Michael D. Daley ("Daley"), a correctional officer, unhooked Redd from the escort chain and then deliberately kicked the chain into Redd's path, causing him to fall. Redd claims to have suffered significant injuries as a result of falling while his hands were cuffed behind his back, including injuries to his knee and tooth. Redd sued Daley and several other prison personnel, asserting Section 1983[2] claims for deliberate indifference in violation of the Eighth Amendment and retaliation in violation of the First Amendment, as well as state law claims.

On April 9, 1999, the Court issued an order granting in part and denying in part Defendants' motion to dismiss, concluding in relevant part that Redd had exhausted his administrative remedies with respect to several of the individual defendants, including Daley. On October 25, 2004, the Court issued an order granting in part and denying in part Defendants' motion for summary judgment. The Court granted summary judgment with respect to the deliberate indifference claim, the retaliation claim, and the state law claims. However, the Court concluded that Redd's allegations fairly could be read to state a claim against Daley for use of excessive force in violation of the Eighth Amendment, and that there was a triable issue of material fact as to whether Daley in fact used excessive force. The Court permitted the action to go forward only with respect to the Eighth Amendment excessive force claim against Daley.

Daley subsequently filed a renewed motion for summary judgment, asserting that his conduct did not constitute excessive force and that he was entitled to qualified immunity. The Court denied that motion in an order issued July 17, 2007, again concluding that Redd had raised a triable issue of material fact as to whether Daley used excessive force in violation of the Eighth Amendment.

Daley seeks leave to file a motion for reconsideration (docket no. 149). He points out that when the Court concluded in 1999 that Redd had exhausted administrative remedies with respect to Daley, Redd's Eighth Amendment claim was framed solely as a claim for deliberate

---

[2] 42 U.S.C. § 1983.

indifference. It was not until the Court issued its order in 2004 that the claim for the first time was framed as one for excessive force. As a result, the Court never has considered whether Redd exhausted his administrative remedies with respect to his excessive force claim. Moreover, the case law on administrative exhaustion has developed significantly since the Court addressed the issue of exhaustion in 1999. Specifically, the Supreme Court has clarified that a prisoner must exhaust administrative remedies even when the relief sought – e.g., monetary damages – cannot be granted by the administrative process. *Booth v. Churner,* 532 U.S. 731, 734 (2001). The Supreme Court further has clarified that "proper exhaustion" of administrative remedies is a prerequisite to federal suit, defining that term as follows: "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91(2006). Daley contends that Redd did not exhaust administrative remedies with respect to his excessive force claim, and requests leave to file a renewed motion to dismiss on this basis.

The Court concludes that Daley has demonstrated good cause for seeking reconsideration, and therefore will order Daley to file his proposed renewed motion to dismiss within seven days of the date of this order. The Court further concludes that there is a reasonable possibility that Daley's proposed renewed motion to dismiss may be meritorious. Accordingly, the Court will vacate the trial date and the pretrial conference date so that the motion may be briefed and considered in an orderly fashion. In the event that the motion is denied, the Court will reset the case for trial.

## II. REMAINING MOTIONS

There are a number of other outstanding motions pending before the Court, listed as follows:

| Docket No. 148: | Redd's motion for appointment of a medical expert |
| Docket No. 152: | Redd's motion for an order authorizing him to make collect calls |
| Docket No. 153: | Redd's motion to vacate the scheduling order |
| Docket No. 154: | Redd's motion for a hearing on the propriety of the physical examination conducted by Daley's expert |
| Docket No. 155: | Redd's motion for an order prohibiting Daley from deposing Redd's witnesses |
| Docket No. 162: | Daley's motion to exclude testimony from non-party witnesses who refused to comply with deposition subpoenas |

3

| | | |
|---|---|---|
| Docket No. 165: | Redd's motion for a telephonic conference and for a stay of all scheduling deadlines |
| Docket No. 168: | Redd's motion for leave to conduct expert discovery and motion to compel discovery from Daley's expert |
| Docket No. 169: | Redd's motion for production of documents |
| Docket No. 171: | Redd's motion for evidentiary hearing and for sanctions |
| Docket No. 172: | Redd's motion for leave to seek production of additional documents |

In light of the Court's decision to permit Daley to file a renewed motion to dismiss, and the possibility that Daley will prevail on such motion, the Court will deny all of the above pending motions without prejudice. Any or all of the motions may be reasserted in the event that Daley's motion is denied and the trial is rescheduled.

### III. ORDER

(1) Daley's motion for leave to seek reconsideration filed at docket no. 149 is GRANTED. Daley shall file his proposed motion to dismiss for failure to exhaust administrative remedies within seven days of the date of this order. Redd shall file any opposition within thirty days. Daley may file a reply within fourteen days. The matter thereafter will be taken under submission without oral argument;

(2) The trial date and pretrial conference date are VACATED;

(2) All other pending motions, specifically docket nos. 148, 152, 153, 154, 155, 162, 165, 168, 169, 171 and 172, are DENIED WITHOUT PREJUDICE. Those motions may be reasserted in the event that Daley's renewed motion to dismiss is denied and the trial is rescheduled.

DATED: 9/24/08

_____
JEREMY FOGEL
United States District Judge

Copies of Order served on:

Paul D. Gifford (Terminated) paul.gifford@doj.ca.gov, rhonda.owens@doj.ca.gov

Catherine A. McBrien (Terminated) catherine.mcbrien@doj.ca.gov, docketingSFAWT@doj.ca.gov, evangeline.williams@doj.ca.gov

Trace O. Maiorino trace.maiorino@doj.ca.gov, docketingSFCLS@doj.ca.gov, timothy.oakes@doj.ca.gov

Julianne Mossler (Terminated) Julianne.Mossler@doj.ca.gov, docketingSFCLS@doj.ca.gov, lucille.santos@doj.ca.gov

Emily L. Brinkman Emily.Brinkman@doj.ca.gov, docketingSFCLS@doj.ca.gov, michael.xiang@doj.ca.gov

Paul A. Redd, Jr
B-72683
Pelican Bay State Prison
P O Box 7500
D2-117
Crescent City, CA 95531

5

Case No. C 98-20429 JF (HRL)
ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECON ETC.
(JFLC2)