# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PAUL A. REDD, JR., <br>             Plaintiff, <br> v. <br> MICHAEL D. DALEY, <br>             Defendant. | Case Number C 98-20429 JF (HRL) <br><br> ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING ACTION WITHOUT PREJUDICE <br><br> [re: docket no. 176] |

## I. BACKGROUND

Plaintiff Paul A. Redd, Jr. ("Redd"), a state prisoner proceeding *pro se*, filed this action following an incident that occurred while he was being transported from the Security Housing Unit ("SHU") at Pelican Bay State Prison ("Pelican Bay") to the prison law library. Redd was one in a line of inmates whose hands were cuffed behind them and who were attached at intervals to a single escort chain. Redd alleges that Defendant Michael D. Daley ("Daley"), a correctional officer, unhooked Redd from the escort chain and then deliberately kicked the chain into Redd's path, causing him to fall. Redd claims to have suffered significant injuries as a result of falling while his hands were cuffed behind his back, including injuries to his knee and tooth. Redd sued

---

[1] This disposition is not designated for publication in the official reports.

Daley and several other prison personnel, asserting claims under 42 U.S.C. § 1983 for deliberate indifference in violation of the Eighth Amendment and retaliation in violation of the First Amendment, as well as claims under state law.

On April 9, 1999, the Court issued an order granting in part and denying in part Defendants' motion to dismiss, concluding in relevant part that Redd had exhausted his administrative remedies with respect to several of the individual defendants, including Daley. On October 25, 2004, the Court issued an order granting in part and denying in part Defendants' motion for summary judgment. The Court granted summary judgment with respect to the deliberate indifference claim, the retaliation claim, and the state law claims. However, the Court concluded that Redd's allegations fairly could be read to state a claim against Daley for use of excessive force in violation of the Eighth Amendment, and that there was a triable issue of material fact as to whether Daley in fact used excessive force. The Court permitted the action to go forward only with respect to the Eighth Amendment excessive force claim against Daley.

Daley subsequently filed a renewed motion for summary judgment, asserting that his conduct did not constitute excessive force and that he was entitled to qualified immunity. The Court denied that motion in an order issued July 17, 2007, again concluding that Redd had raised a triable issue of material fact as to whether Daley used excessive force in violation of the Eighth Amendment.

Daley sought leave to file a motion for reconsideration, pointing out that when the Court concluded in 1999 that Redd had exhausted administrative remedies with respect to Daley, Redd's Eighth Amendment claim was framed solely as a claim for deliberate indifference. It was not until the Court issued its order in 2004 that the claim for the first time was framed as one for excessive force. As a result, the Court never has considered whether Redd exhausted his administrative remedies with respect to his excessive force claim. Moreover, the case law on administrative exhaustion has developed significantly since the Court addressed the issue of exhaustion in 1999. The Court granted Daley leave to file a renewed motion to dismiss based upon failure to exhaust administrative remedies, and vacated all other pending pretrial motions, the pretrial conference date, and the trial date.

## II. DISCUSSION

The "exhaustion requirement" of the Prison Litigation Reform Act ("PLRA") is set forth as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). The Supreme Court has held that compliance with this provision is not "left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The requisite exhaustion is "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. The exhaustion requirement applies "even where the relief sought – monetary damages – cannot be granted by the administrative process. *Id*. at 85 (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)). The exhaustion requirement must be satisfied with respect to any suit challenging prison conditions. *Id*.

Failure to satisfy the PLRA exhaustion requirement is an affirmative defense as to which the defendant has the burden of proof. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). An unenumerated Rule 12(b) motion is an appropriate vehicle for raising this defense. *Id*. In deciding such a motion, the Court may look beyond the pleadings and decide disputed issues of fact. *Id*. at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id*. at 1120.

"The California Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment: an informal level, a first formal level, a second formal level, and the Director's level." *Vaden v. Summerhill*, 449 F.3d 1047, 1048-49 (9th Cir. 2006); *see also Woodford*, 548 U.S. at 85-86 (discussing California's grievance process in detail). Daley submits the declarations of Chris Wilber ("Wilber") and William Barlow ("Barlow"), Pelican Bay's Inmate Appeal Coordinator and

3

Case No. C 98-20429 JF (HRL)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ETC.
(JFLC2)

litigation coordinator, respectively. Wilber states that the computer printout attached as Exhibit A to his declaration reflects all first and second level appeals filed by Redd through the date of Wilber's declaration. Wilber Decl. ¶ 5. Redd submitted four grievances relating to the library incident: PBSP-95-07012, alleging misconduct by Daley and another officer for failing to provide complete reports regarding Redd's fall; PBSP-95-07011, alleging that Daley and other staff failed to use proper safety precautions with the escort chain; PBSP-95-06936, requesting that a video tape made of Redd while he was in the infirmary be kept pending the outcome of any litigation; and PBSP-95-06935, requesting that Redd be provided a copy of the video tape from the security cameras in the law library. Wilber Decl. ¶ 7 and Exh. B. Wilber reviewed all of Redd's inmate appeals through the date of Wilber's declaration, and concluded that Redd had not submitted an inmate grievance against Daley for excessive force relating to the law library incident. Wilber Decl. ¶ 8. The only inmate grievances Redd asserted against Daley are the two noted above, PBSP-95-07012 and PBSP-95-07011. Wilber Decl. ¶ 9. Mr. Barlow states that he too reviewed Redd's file and was unable to locate any grievances against Daley other than PBSP-95-07012 and PBSP-95-07011. Because neither of those grievances asserts that Daley used excessive force during the library incident, Daley has satisfied his burden of proving that Redd did not exhaust his administrative remedies with respect to his claim of excessive force.

**A.      Waiver**

Redd does not dispute his failure to exhaust administrative remedies. Instead, he argues that Daley has waived this defense. The Ninth Circuit Court of Appeals has stated that "§ 1997e(a) establishes an affirmative defense, waived if the defendant does not raise it." *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005); *see also Wyatt*, 315 F.3d at 1119 ("§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion"). The Supreme Court has confirmed that a prisoner's failure to exhaust under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). There appears to be some tension between the notion that a defendant may waive the exhaustion requirement and language in recent Supreme Court decisions indicating that exhaustion is "mandatory," *Woodford*, 548 U.S. at 85, and that "[a]ll agree that no unexhausted claim may be considered,"

4

Case No. C 98-20429 JF (HRL)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ETC.
(JFLC2)

*Jones*, 549 U.S. at 219-20.  However, even assuming that a defendant *may* waive the defense of failure to exhaust, the Court concludes that Daley has not done so here.

Generally, "a defendant's failure to raise an 'affirmative defense' in his answer effects a waiver of that defense." *In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007) (citing Fed. R. Civ. P. 8(a), (c)).  This general rule is not useful in the instant case, however, because an examination of the docket reveals that Daley has not filed an answer.  It is unclear how this procedural anomaly occurred.  However, given that Daley has filed a Rule 12(b) motion with respect to Redd's only remaining claim, the Court concludes that no answer is required at this time.  As is discussed above, an unenumerated Rule 12(b) motion is an appropriate vehicle for raising the defense of failure to exhaust administrative remedies.

Redd claims that Daley has waived the exhaustion defense because Daley could have, but did not, raise the defense by motion earlier in the litigation.  Redd points to Daley's joint case management conference statement filed November 29, 2004, in which Daley requested an opportunity to revisit the issues of exhaustion and qualified immunity.  Counsel for Daley also indicated at the case management conference on December 17, 2004 that Daley might bring motions asserting exhaustion and/or qualified immunity.  The Court set a dispositive motions cut-off of April 15, 2005.  Daley subsequently filed a motion for summary judgment under the doctrine of qualified immunity, which motion was denied on July 17, 2007.  Daley did not raise the issue of administrative exhaustion in that motion.  Redd asserts that Daley's failure to raise exhaustion in his summary judgment motion constituted an abandonment and waiver of the defense.  In support, Redd cites Federal Rule of Civil Procedure 12(g)(2), which bars a party from bringing a second Rule 12 motion raising a defense or objection that was available to the party but omitted from its first Rule 12 motion.  Rule 12(g)(2) is not applicable here, because Redd does not accuse Daley of omitting the exhaustion defense from a prior *Rule 12* motion, but rather from a prior *Rule 56* motion.  Moreover, although Daley's counsel did consider raising the defense of failure to exhaust as early as 2004, the scope of such a defense was somewhat unclear at that time.  There have been significant developments in the case law addressing administrative exhaustion since 2004.  *See, e.g.*, *Jones v. Bock*, 549 U.S. 199; *Woodford v. Ngo*, 548 U.S. 81.

5

Case No. C 98-20429 JF (HRL)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ETC.
(JFLC2)

1 | Accordingly, the Court concludes that Daley did not waive the exhaustion defense by failing to
2 | raise it in his summary judgment motion.

3 | The Court notes that even when a defendant fails to plead an affirmative defense as required under Rule 12, the defendant may raise such defense late in the litigation – even at the summary judgment stage – if the plaintiff is not prejudiced. *Panaro v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005). Thus even assuming that Daley should have asserted Redd's failure to exhaust at an earlier stage in the proceedings, the Court has the discretion to permit him to raise the defense now as long as Redd is not prejudiced. Redd has not identified any prejudice to him arising out of Daley's delay in asserting the defense.

**B. Ability To File Grievance**

Redd claims that "special circumstances" exist that excuse him from complying with the exhaustion requirement as to his excessive force claim. He does not cite any authority in support of his "special circumstances" argument, nor does he make clear what circumstances he believes justify his failure to exhaust. He does claim that Daley and other prison officials hindered his ability to file a grievance with respect to his excessive force claim. If a prisoner can demonstrate that the grievance process is unavailable to him (for example, if he is unable to obtain the requisite forms or if his injuries prevent him from submitting the forms in a timely manner), his failure to exhaust administrative remedies through that process may be excused. *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009). Redd has failed to make such a showing here. Redd clearly had access to the prison's grievance process, as demonstrated by the grievances he *did* file after the law library incident. He has not presented evidence that he was denied the appropriate forms or physically was unable to submit a timely grievance asserting an excessive force claim against Daley.

Redd also asserts that even if he was required to file a timely grievance following the incident, Daley has failed to demonstrate that any administrative remedies remain available to Redd *now*; Redd argues that the absence of presently available remedies is fatal to Daley's defense of non-exhaustion. The Supreme Court expressly rejected this precise argument in *Woodford*. *Woodford*, 548 U.S. at 99-101.

6

**III. ORDER**

For good cause shown,

(1) Daley's motion to dismiss Redd's sole remaining excessive force claim for failure to exhaust administrative remedies is GRANTED;

(2) The action is DISMISSED WITHOUT PREJUDICE; and

(3) The Clerk of the Court shall close the file.

DATED: 9/10/2009

_____
JEREMY FOGEL
United States District Judge

Copies of Order served on:

Emily L. Brinkman    Emily.Brinkman@doj.ca.gov, docketingSFCLS@doj.ca.gov, michael.xiang@doj.ca.gov

Trace O. Maiorino    trace.maiorino@doj.ca.gov, docketingSFCLS@doj.ca.gov, timothy.oakes@doj.ca.gov

Paul A. Redd, Jr
B-72683
Pelican Bay State Prison
P O Box 7500
D2-117
Crescent City, CA 95531